# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROSELLE CHIROPRACTIC, P.C., ) <br> individually and on behalf of others ) <br> similarly situated, ) <br> ) <br>     **Plaintiff,** ) <br> ) <br>     **v.** ) <br> ) <br> HARTFORD FIRE INSURANCE ) <br> COMPANY and SPECIALTY RISK ) <br> SERVICES, LLC, ) <br> ) <br>     **Defendants.** ) | **No. 07 CV 3479** <br><br> **Judge Joan H. Lefkow** |

## ORDER

Plaintiff, Roselle Chiropractic, P.C. ("Roselle"), has filed an amended class action complaint alleging a claim for breach of contract against defendants, Hartford Fire Insurance Co. ("Hartford") and its claims administrator, Specialty Risk Services, LLC ("SRS") (together, "defendants"), for payments due under a worker's compensation policy issued by Hartford to Roselle's patients' employer.[1] Roselle's central allegation is that defendants operated a "silent PPO" by improperly applying a preferred provider organization ("PPO") discount to Roselle's claims for reimbursement for patient services. Before the court is defendants' motion to dismiss the first amended complaint under Fed. R. Civ. P. 12(b)(6). For the reasons stated below, defendants' motion [#61] is granted.

---

[1] In addition to breach of contract, the original complaint, which had named only Hartford as a defendant, alleged claims for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act and common law unjust enrichment. The earlier complaint was the subject of a motion to dismiss which the court denied. Nevertheless, the tort claims were omitted from the first amended complaint.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). In order to survive a motion under Rule 12(b)(6), the complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC* v. *Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)). The allegations in the complaint must also be "enough to raise a right to relief above a speculative level." *Twombly*, 127 S. Ct. at 1965.

**BACKGROUND**

The allegations of the amended complaint are as follows. Roselle provided chiropractic treatment to a patient who was insured by Hartford under a workers' compensation insurance policy issued to the patient's employer.

Roselle had an agreement ("the provider agreement") with First Health Group Corp. ("First Health"),[2] the operator of a PPO. Under the provider agreement, plaintiff alleges, First Health promised Roselle that it would enter into contracts with payors under which the payors would agree to "use 'financial incentives' to encourage its beneficiaries to select one of the 'preferred providers' from First Health's network." Am. Compl. ¶ 14. Such financial incentives (known in the healthcare industry as "channeling," "referring," or "steerage") are intended to

---

[2] *See* Am. Compl., Ex. B (Dkt. No. 47-3).

motivate insureds to prefer those providers by offering financial incentives for insureds to be treated by the preferred providers. *Id.* ¶ 10. In return for these financial incentives, preferred providers expect a higher volume of employees of Hartford's insureds as its patients.

First Health, in turn, had an agreement with Hartford ("the payor agreement"),[3] under which, plaintiff alleges, Hartford was obligated to Roselle and other putative class members to steer patients to First Health's "preferred providers" by providing incentives for insureds and beneficiaries to use First Health preferred providers. Finally, plaintiff alleges that defendants materially breached the provider agreement and the payor agreement by taking PPO network discounts without steering patients to Roselle and the other members of the class.

## DISCUSSION

Defendants argue that Roselle has failed to allege the existence of a contract between itself and either defendant. Rather, defendants assert, the contracts identified by Roselle consist of (1) the provider agreement, a contract between plaintiff and a First Health entity, a contract to which neither Hartford nor SRS is a party, and (2) the payor agreement, a contract between First Health and defendants, a contract to which Roselle is not a party.

In response, Roselle argues that the provider agreement and the payor agreement combine to form one agreement, citing various Illinois cases for the general proposition that a contract may consist of several writings and that written agreements may incorporate each other by reference.[4] *E.g.*, *Provident Fed. Sav. & Loan Ass'n* v. *Realty Centre, Ltd.*, 454 N.E.2d 249,

---

[3] *See* Am. Compl., Ex. A (Dkt. No. 60-2).

[4] Roselle also cites this court's earlier order denying Hartford's motion to dismiss the original complaint. There, the court rejected Hartford's contention that Roselle had failed to adequately allege a contract between Roselle and Hartford, based on "Hartford's own

3

97 Ill. 2d 187, 73 Ill. Dec. 389 (1983). Under Illinois law, however, "[t]wo agreements executed by different parties cannot be regarded as one instrument."[5] *Ill. Hous. Dev. Auth.* v. *LaSalle Nat'l Bank*, 487 N.E.2d 772, 776, 139 Ill. App. 3d 985, 94 Ill. Dec. 15 (Ill. App. Ct. 2d Dist. 1985). Neither do the various provisions Roselle cites in the payor agreement "expressly incorporate the provider agreements,"[6] as Roselle contends. Pl.'s Resp. at 4. Rather, those cited provisions merely reference the provider agreements. *See, e.g.*, Am. Compl., Ex. A. (Dkt. No. 60-2), § 2.5 ("[First Health] shall select and maintain Contract Providers in accordance with its own proprietary credentialing criteria . . . . Representative samples of [First Health]'s provider agreements are attached . . . ."); *id.*, Supp. B, § 1.1 ("[First Health] . . . establishes and maintains

---

representation that there was such a contract in place." Dkt. No. 42, at 8 (Jan. 31, 2008). The court's review of Hartford's submission, however, reveals that Hartford did not in fact acknowledge the existence of a contract between itself and Roselle. In any event, Roselle had not submitted an alleged payor agreement as an exhibit to its original complaint, as its breach of contract claim was pled in the alternative to its fraud and unjust enrichment claims and it was concededly unsure about whether such an agreement even existed. Here, on the other hand, Roselle has attached both of the agreements which form the basis of its breach of contract claim, leaving no doubt about the existence of, or parties to, such agreements.

[5] In addition to the Illinois cases, Roselle also cites a Texas case, *Baylor University Medical Center* v. *Epoch Group, L.C.*, 340 F. Supp. 2d 749, 755 (N.D. Tex. 2004), where the court found that three separate agreements among various parties "constitute[d] a single, unified contract" obligating the defendant health plan administrator to pay the plaintiff medical service provider's claims. *Id.* As a number of courts have noted, however, "the *Baylor* court rested its holding on the fact that *Texas law* permits multiple instruments to constitute a single agreement even when the instruments are executed at different times, and 'even if the instruments are not between the same parties.'" *Roche* v. *Travelers Property Cas. Ins. Co.*, No. 07-cv-302-JPG, 2008 WL 2875250, at *4 (S.D. Ill. July 24, 2008) (quoting *Baylor*, 340 F. Supp. 2d at 754) (emphasis added); *accord Baptist Mem'l Hospital-DeSoto, Inc.* v. *Crain Automotive Inc.*, 457 F. Supp. 2d 702, 704 (N.D. Miss. 2006). Roselle has provided no authority indicating that such a rule exists under Illinois law. *See Roche*, 2008 WL 2875250, at *4 (finding that the principle of Texas law on which the *Baylor* court relied was not applicable under Illinois law).

[6] Roselle also contends that the provider agreement incorporates the payor agreement. Because defendants are not parties to the provider agreement, however, such incorporation would not impose contractual obligations on them.

[the PPO network] by entering into Provider Agreements with Contract Providers for the delivery of Medical Services at negotiated rates."); *id.*, Supp. B, § 3.1.2 ("Claims Administrator shall indicate on the explanation of payment to the Contract Provider that reimbursement is subject to the Provider Agreement.").

Because Roselle was not a party to the payor agreement, it cannot state a claim for breach of its terms unless it was a third party beneficiary to that agreement. *Roche* v. *Liberty Mut. Managed Care, Inc.*, No. 07-cv-331-JPG, 2008 WL 4378432, at *2 (S.D. Ill. Sept. 23, 2008). As defendants point out, however, the payor agreement provides that third parties such as plaintiff have no right "to enforce any right or enjoy any benefit created or established under this Agreement." Dkt. No. 60-2, Ex. A, § 4.4; *accord id.*, Ex. A, § 10.2 ("The parties have not created or established any third party beneficiary status or rights in any person or entity not a party hereto including, but not limited to, any Claimant, subcontractor, or other third party, and no such third party shall have any right to enforce any right or enjoy any benefit created or established under this Agreement."). Roselle offers no rebuttal to these express provisions.

In sum, the court concludes that plaintiff has failed to either (1) allege a valid contract between Roselle and either defendant or (2) otherwise articulate how Roselle could be a third-party beneficiary under the payor agreement to which Hartford is a party.[7] The court must

---

[7] Logically, if Roselle's contract with First Health required First Health to enter into contracts with payors who agreed to "use 'financial incentives' to encourage its beneficiaries to select one of the 'preferred providers' from First Health's network," Am. Compl. ¶ 14, and First Health entered into an agreement with a payor who failed to use the incentives, Roselle's claim for breach would be against First Health. First Health, in turn would have a third party claim against Hartford. Presumably, plaintiff's counsel have considered this route and found it impassable.

therefore dismiss plaintiff's breach of contract claim.[8] *See Thompson* v. *Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002) ("[W]here a plaintiff attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim."); *In re Wade*, 969 F.2d 241, 249 (7th Cir. 1992) ("A plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment.") (citing *Early* v. *Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir.1992)).

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the first amended complaint [#61] is granted. Plaintiff's breach of contract claim is dismissed with prejudice. This case is terminated.[9]

Dated: March 9, 2009          Enter:_____
                                                      JOAN HUMPHREY LEFKOW
                                                      United States District Judge

---

[8] Defendants also assert a number of additional grounds for dismissal. Having found that no agreement exists between plaintiff and either defendant, the court need not address those arguments.

[9] In its response to defendants' motion to dismiss, Roselle seeks leave to file a second amended complaint in which it will reassert the fraud and unjust enrichment claims it asserted in the original complaint. Inasmuch as the court denied the motion to dismiss those claims, Roselle's decision to omit them from the first amended complaint suggests a lack of confidence in its ability to come forward with facts in support of them. The court's denial of defendants' motion to dismiss those claims was based on Roselle's allegation in the original complaint that Hartford was not entitled to take the PPO discounts that it claimed in the EOR. *See* Dkt No. 42, at 7–8. Roselle has since acknowledged, however, that defendants have a payor agreement with First Health, thus casting substantial doubt on Roselle's prior assertion that Hartford had no basis for taking the PPO discounts.